JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 5:20-cv-00632-SB-SHK | Date: | 4/13/2021 |
|---|---|---|---|

| Title: | *Ruben Macias v. United States Department of Homeland Security et al* |
|---|---|

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] ORDER DISMISSING CASE WITHOUT PREJUDICE**

Before the Court is Plaintiff's response to the Court's order to show cause re: dismissal for lack of prosecution. Dkt. No. 25. At issue is Plaintiff's failure to file a compliant proof of service. In response, Plaintiff's counsel represents that their "office was contacted by Assistant United States Attorney Joan Osinoff who informed us that service was improper and we are in the process of properly serving this matter in compliance with the discussion with Assistant United States Attorney Joan Osinoff." *Id.*

This representation is insufficient to discharge the OSC and avoid dismissal without prejudice. To illustrate why, the Court recalls the procedural history of this case:

- On March 30, 2020, Plaintiff filed the complaint. Dkt. No. 1. Plaintiff did not file a proof of service. The case was transferred to this Court in late September 2020. Dkt. No. 8.

- On October 2, 2020, the Court issued an OSC re: dismissal for lack of prosecution because there was no proof of service as to Defendants, the United States and the U.S. Department of Homeland Security. [Dkt. No. 9](). Plaintiff filed a response representing that Plaintiff had effectuated service and requesting that the case not be dismissed. [Dkt. No. 10]().

- On October 26, 2020, the Court issued another OSC re: dismissal for lack of prosecution because a proof of service still had not been filed. [Dkt. No. 11](). Plaintiff responded, "respectfully request[ing] that Plaintiff's case not be dismissed as to all remaining Defendants." [Dkt. No. 12](). Plaintiff did not, however, file a proof of service.

- On December 20, 2020, the Court issued an Order to File Proof of Service, warning that failure "to file a compliant proof of service" would "result in dismissal of the case." [Dkt. No. 13](). Plaintiff responded by filing proofs of service for both Defendants. [Dkt. Nos. 14](), [15]().

- After nothing occurred in the case for over seven weeks, on February 23, 2021, the Court issued another OSC re: dismissal for lack of prosecution, directing Defendants to file an answer or Plaintiff to file a request for default. [Dkt. No. 20]().

- Plaintiffs filed a request for entry of default against Defendants, but the clerk could not enter default due to the deficiencies of "[i]nsufficient service" and "[p]roof of Service [was] lacking required information." [Dkt. No. 22](). Consequently, the Court (1) struck the request for default without prejudice to refiling upon correction of the identified deficiencies, and (2) continued extended the pending OSC. [Dkt. No. 23]().

[Federal Rule of Civil Procedure 4(m)]() states: "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Here, Plaintiff has not shown good cause for his failure to serve Defendants or file compliant proofs of service. The Court has issued multiple OSCs and allowed multiple opportunities to file a proof of service. Plaintiff was notified that

failure to comply could result in dismissal without prejudice. Yet Plaintiff—over one year after filing the complaint—is still "in the process of properly serving" Defendants. Dkt. No. 25. Even more, there is no indication of when a proof of service is expected to arrive. And it is hard to understand why service has been so difficult when Defendants are the United States and the U.S. Department of Homeland Security. *Cf.* Fed. R. Civ. P. 4(i) (describing process for "Serving the United States and Its Agencies, Corporations, Officers, or Employees").

In the end, Plaintiff's repeated failure to complete the simple tasks of serving Defendants and filing a compliant proof of service since filing the complaint more than a year ago constitutes a failure to prosecute sufficient to warrant dismissal. Thus, this case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.